**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| 425 Third Street, SW, Suite 800 | ) | |
| Washington, D.C. 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| 2201 C Street, N.W. | ) | |
| Washington, DC 20520, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATIONS, | ) | |
| 935 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20535, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of

State and the Federal Bureau of Investigation to compel compliance with the Freedom of

Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.      Plaintiff Judicial Watch, Inc. ("Plaintiff") is a non-profit, educational foundation

organized under the laws of the District of Columbia and having its principal place of business at

425 Third Street, SW, Suite 800, Washington, DC 20024.   Plaintiff seeks to promote integrity,

transparency, and accountability in government and fidelity to the rule of law.   In furtherance of

its public interest mission, Plaintiff regularly requests access to the public records of federal, state,

and local government agencies, entities, and offices, and disseminates its findings to the public.

4.      Defendant U.S. Department of State ("State") is an agency of the U.S. Government

and is headquartered at 2201 C Street, N.W., Washington, DC 20520.   State has possession,

custody, and control of certain public records to which Plaintiff seeks access.

5.      Defendant Federal Bureau of Investigation ("FBI") is an agency of the U.S.

Government and is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535.   The

FBI has possession, custody, and control of certain public records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

6.      On September 30, 2011, Plaintiff submitted a FOIA request to State, by facsimile

and certified mail, seeking access to the following public records:

> [A]ny and all records concerning, regarding or related to a deceased
> individual named Anwar al-Awlaki, a/k/a Anwar Aulaqi.   This individual
> was born on April 22, 1971 in Las Cruces, New Mexico and died on or
> about September 30, 2011.   As proof of death, [Judicial Watch has]
> enclosed a copy of the New York Times obituary of the individual.

7.      On October 20, 2011, State acknowledged receipt of Plaintiff's September 30, 2011

FOIA request and assigned the request "Case Control Number 201108202."   State indicated that

"[u]nusual circumstances (including the number and location of Department components involved

2

in responding to your request, the volume of requested records, etc.) may arise that would require additional time to process your request." State also indicated that it would notify Plaintiff "as soon as responsive material has been retrieved and reviewed."

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), State was required to determine whether to comply with Plaintiff's request within twenty (20) working days after State's receipt of the request on September 30, 2011 and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, State's determination was due by October 31, 2011 at the latest.

9. On September 30, 2012, Plaintiff submitted a FOIA request to the FBI, by facsimile and certified mail, seeking access to the following public records:

> [A]ny and all records concerning, regarding or related to a deceased individual named Anwar al-Awlaki, a/k/a Anwar Aulaqi. This individual was born on April 22, 1971 in Las Cruces, New Mexico and died on or about September 30, 2011. As proof of death, [Judicial Watch has] enclosed a copy of the New York Times obituary of the individual.

10. The FBI acknowledged receipt of Plaintiff's FOIA request on October 6, 2011 and assigned the request "FOIPA Request No.: 1174529-000."

11. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the FBI was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, Defendant's determination was due by October 31, 2011 at the latest.

12. As of the date of this Complaint, Defendants State and the FBI ("Defendants") have failed to: (i) determine whether to comply with Plaintiff's requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse

determination; or (iv) produce the requested records or otherwise demonstrate that the requested

records are exempt from production.

13.     Because Defendants failed to comply with the time limit set forth in 5 U.S.C. §

552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with

respect to its requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

14.     Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.     Defendants are unlawfully withholding public records requested by Plaintiff

pursuant to 5 U.S.C. § 552.

16.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful

withholding of the requested public records, and Plaintiff will continue to be irreparably harmed

unless Defendants are compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to

conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive to

Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all

non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive

records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to

5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and

proper.

Dated:   June 4, 2012                                    Respectfully submitted,

                                                        JUDICIAL WATCH, INC.

                                                        /s/ Paul J. Orfanedes
                                                        D.C. Bar No. 429716
                                                        425 Third Street, S.W., Suite 800
                                                        Washington, DC 20024
                                                        (202) 646-5172

                                                        *Attorneys for Plaintiff*